**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| **Scott Roberts,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No.:** 1:21-cv-189 |
| | ) | |
| **GLA Collection Company, Inc.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

# COMPLAINT SEEKING DAMAGES FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

## Introduction

1. This is an action for actual and statutory damages, legal fees and costs pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq* (hereinafter referred to as the "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. Id.

2. The purpose of the FDCPA is to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. Id.

3. If a violation occurs, "the FDCPA is a strict liability statute that makes debt collectors liable for violations that are not knowing or intentional." Donohue v. Quick Collect, Inc., 592 F.3d 1027, 1030 (9th Cir. 2010).

4. Even a single violation of the FDCPA is sufficient to support liability. Taylor vs. Perrin, Landry, deLaunay, & Durand, 103 F.3d 1232, 1238 (5th Cir. 1997).

## Jurisdiction

5. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

## Venue

6. Venue is proper in this Judicial District.

7. The acts and transactions alleged herein occurred in this Judicial District.

8. The Plaintiff resides in this Judicial District.

9. The Defendant transacts business in this Judicial District.

**Parties**

10. The Plaintiff, Scott Roberts, is a natural person.

11. The Plaintiff is a "consumer" as that term is defined by § 1692a.

12. The Plaintiff is "any person" as that term is used in 15 U.S.C. § 1692d preface.

13. The Defendant, GLA Collection Company, Inc., (hereinafter referred to as "Defendant"), is a debt collection agency operating from an address of 2630 Gleeson Lane, Louisville, KY 40299.

14. The Defendant is a debt collection agency; and the Defendant is licensed by the State of Indiana. *See Exhibit "1" attached hereto.*

15. Defendant regularly attempts to collect, directly or indirectly, debts owed or due or asserted to be owed to itself or due another.

16. The Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

**Factual Allegations**

17. The Defendant is a debt collection agency attempting to collect a debt from Plaintiff.

18. The Plaintiffs incurred a debt to that was for primarily for personal, family or household purposes as defined by §1692(a)(5).

19. Unfortunately, due to circumstances beyond his control, namely, the healthcare expenses incurred by his late-wife and himself, the debt owed by Plaintiff went into default.

20. After the debt went into default the debt was placed or otherwise transferred to the Defendant for collection.

21. The Plaintiff disputes the debt.

22. The Defendant's collector(s) were employee(s) and/or representative(s) of the Defendant at all times mentioned herein.

23. The Defendant acted at all times mentioned herein through its employee(s) and/or representative(s).

24. Unfortunately, due to circumstances beyond his control, Plaintiff was not able to pay his debt to JWM Neurology, LLC.

25. At some point after Plaintiff defaulted on the aforementioned debt, the debt was transferred to Defendant for collection purposes.

26. Defendant sent Plaintiff an initial form letter, dated September 4, 2020. This collection letter stated that it was "RE: Jwm Neurology, LLC", and then further stated "[Y]our account has been placed with our company for collection". The letter failed to advise Plaintiff as to the name of the creditor to whom the debt was then owed. *A copy of the letter is attached hereto as Exhibit "2".*

27. Because the letter did not explain whether Jwm Neurology, LLC, was, and still is, the creditor to whom the debt was owed, and because it did not say that GLA represented Jwm Neurology, LLC, to collect the debt at issue and, instead, stated that "[y]our account has been placed with our company for collection" by an unidentified entity, Plaintiff was unsure as to whom he owed the debt at issue, which worried and concerned him. Thus, Defendant's letter failed to effectively state the name of the creditor to whom the debt was then owed. *See Exhibit "2".*

28. A statement that Jwm Neurology, LLC, still owned the debt and was the current creditor to whom the debt was then owed, would have sufficed to identify effectively the name of the creditor to whom the debt was then owed.

29. Violations of the FDCPA which would lead a consumer to alter his or her course of action as to whether to pay a debt, or which would be a factor in the consumer's decision making process, are material. *See* Lox v. CDA, 689 F.3d 818, 827 (7th Cir. 2012). Moreover, the identification of the creditor is such a factor because, amongst other things, it is a factor for a consumer in determining whether an attempt to collect a debt is fraudulent. *See* Janetos v. Fulton, Friedman & Gullace, 825 F.3d 317, 319-25 (7th Cir. 2016). Plaintiff was, in fact, confused, annoyed, frustrated, and distressed as to whom he owed the debt at issue.

30. The Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See* Gammon vs. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**First Claim for Relief:**
**Violation of §1692g(a)(2) of the FDCPA –**
**Failure to Identify Effectively The Current Creditor**

31. The allegations of paragraphs 1 through 30 of the complaint are realleged and incorporated herewith by reference.

32. Section 1692g of the FDCPA requires that, within 5 days of Defendant's first communication to a consumer, it had to provide Plaintiff with an effective validation notice containing, among other disclosures, "(2) the name of the creditor to whom the debt is owed". See 15 U.S.C. §1692g(a)(2).

33. Defendant's form collection letter violates §1692g(a)(2) of the FDCPA because it failed to identify effectively the name of the creditor to whom the debt was owed. *See* Janetos, 825 F.3d 321-23. *See also*, Steffek v. Client Services, Inc., 948 F.3d 761, 766-67 (7th Cir. 2020).

34. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages of $1,000 per defendant, attorney fees, and costs.

**Prayer for Relief**

WHEREFORE, the Plaintiff prays that the Court grant the following:

1. A finding that the Defendant violated the FDCPA and/or an admission from the Defendant that it violated the FDCPA.

2. Actual damages under 15 U.S.C. § 1692k(a)(1).

3. Statutory damages under 15 U.S.C. § 1692k(a)(2)(A).

4. Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

5. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ John T. Steinkamp
John T. Steinkamp
John Steinkamp and Associates
Attorney for Plaintiff
5214 S. East Street, Suite D1
Indianapolis, IN 46227
Office: (317) 780-8300
Fax: (317) 217-1320
Email: john@johnsteinkampandassociates.com